UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORORS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GATEWAY DESIGN AND CONSTRUCTION SERVICES, LLC, <br><br> Defendant. | Case No.: 4:19CV437 HEA |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, [Doc. No. 18]. The Motion is unopposed. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiffs have, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Defendant has failed to respond to these facts. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendants' facts are deemed admitted. Local Rule 7-401(E) provides:

Rule 7 - 4.01 Motions and Memoranda.

(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

The undisputed facts are as follows:

The Greater St. Louis Construction Laborers Welfare Fund, ("the Welfare Fund,") is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§1002(1), (3), 1132 and 1145. Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. are the Trustees of the Welfare Fund.

The Construction Laborers Pension Trust of Greater St. Louis, ("the Pension Trust,") is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA. Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, are the Trustees of the Pension Fund. The St. Louis Vacation Fund – Vacation Plan, ("the Vacation

Fund,") is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of ERISA. Brandon Flinn, Donald Willey, Richard McLaughlin, Terry Briggs, Mark Murphy, and Bob Bieg are the Trustees of the Vacation Fund.

AGC - Eastern Missouri Laborers Joint Training Fund, ("the Training Fund," is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of ERISA. Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the Trustees of the Training Fund.

Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, ("the Union,") are labor organizations.

On May 8, 2017, defendant became signatory to a collective bargaining agreement between the Union and the Site Improvement Association effective from March 1, 2014 through February 28, 2019.

Article V, Sections 5.03 through 5.10 of the collective bargaining agreement to which defendant is signatory requires the submission of monthly report forms and payments to the Welfare, Pension, Vacation, Training, Site Advancement, Supplemental Dues, and LECET Funds in amounts specified in the agreement. Defendant has failed to submit its reports and to pay its contributions for all months beginning with October 2018.  Section 5.10 of the collective bargaining

agreement to which defendant is signatory imposes liquidated damages of twenty percent (20%) on all contributions to the Funds listed in paragraph 7 that are not paid by the last day of the month following the month in which the hours were worked.

Defendant paid untimely its monthly contributions to the Funds listed in paragraph 7 for the months of March, April, May and September 2018, resulting in the assessment of $8,036.30 in liquidated damages and $117.54 in interest through November 14, 2019, for a total of $8,153.84. Interest was calculated at the IRS underpayment rate, which is the short-term rate plus 3%.

The collective bargaining agreement also provides that the Funds listed in paragraph 7 shall have the right to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement. In accordance with Section 5.11 of Exhibit B, a financial examination was conducted on the records of defendant for the period of May 1, 2017 through June 30, 2018.

The financial examination found a total of 332.75 unreported hours. The underreporting revealed by the examination resulted in an underpayment of $5,409.60 in contributions and $284.43 in supplemental dues, on which is assessed $1,138.84 in liquidated damages, and $174.87 in interest. Interest is calculated at

the IRS underpayment rate, which is the short-term interest rate plus 3%. In total, the examination found $7,007.74 owed to the plaintiffs.

Anders billed the Greater St. Louis Construction Laborers Benefit Funds $1,521.00 for performing the payroll examination.

The collective bargaining agreement authorizes the Funds listed in paragraph 7 to recover interest, attorneys' fees, court costs, and audit costs in suits to compel payment of underpaid contributions. Plaintiffs have incurred $1,842 in legal fees and $455.66 in court costs in this case.

## Summary Judgment Standard

The Eighth Circuit has articulated the appropriate standard for consideration of motions for summary judgment, as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir. 2011) (*en banc*) (internal citations and quotation marks omitted). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34,* 528 F.3d 1074, 1078–79 (8th Cir. 2008) (cited case omitted). With this standard in mind, the Court accepts the above listed facts as true for purposes of resolving the parties' motions for summary judgment.

## Discussion

Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of -

    (i) interest on the unpaid contributions, or

    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26.

This statute also entitles the Benefit Fund plaintiffs to recover unpaid contributions, liquidated damages, interest, costs, and attorneys' fees, in addition to the parties' agreement. There is no question plaintiffs are entitled to recover all of the principal amounts, liquidated damages, interest, attorneys' fees, accounting fees, and costs they have incurred. *Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch*, 757 F.2d 184 (8th Cir. 1985); *Landy Packing Co. v. Meatcutters*, 471 F.Supp. 1218 (D.Minn. 1979), aff'd., 627 F.2d 881 (8th Cir. 1980).

## Conclusion

Based on the foregoing analysis, the Benefit Funds and Union are entitled to judgment against defendant in the total amount of $18,980.24. The Funds are also entitled to an order requiring the defendant to submit its currently outstanding employee benefit reports, contributions, liquidated damages, and interest per the requirements of the collective bargaining agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 18], is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant shall submit its currently outstanding employee benefit reports, contributions, liquidated damages, and interest per the requirements of the collective bargaining agreement within twenty-one (21) days from the date of this Opinion, Memorandum and Order.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 1st day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE